IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DARLA J. H.**,

        Plaintiff,

v.

**KILOLO KIJAKAZI,**
**Acting Commissioner**
**Of Social Security,**

        Defendant.

**Case No. 2:20-cv-6030**

**Judge Graham**

**Magistrate Judge Vascura**

## OPINION AND ORDER

Plaintiff Darla J. H. brings this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability benefits. This matter is before the Court for consideration of defendant's November 15, 2021 objections to the November 8, 2021 report and recommendation of the magistrate judge, recommending that the Court remand this action for further proceedings before the administrative law judge. For the reasons stated below, the Court overrules defendant's objections and adopts the magistrate judge's report and recommendation.

    **I.**    **Standard of Review**

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

1

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II.     **Defendant's Objection**

Defendant objects to the finding of the magistrate judge that the administrative law judge did not conduct the five-factor analysis required by 20 C.F.R. § 416.920c(c). Doc. 20 at 3.

The Commissioner has implemented regulations requiring that an administrative law judge consider five factors when evaluating medical opinions or administrative findings: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) "other factors", such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the Social Security Administration's] disability program's policies and evidentiary requirements." 20 C.F.R. § 416.920c(c)(1)-(5). Of these five factors, administrative law judges are generally required to explicitly discuss only supportability and consistency. 20 C.F.R. § 416.920c(b)(2).

The magistrate judge noted that Dr. Bennington rendered two medical opinions regarding plaintiff's physical ability to do work-related activities. Doc. 19 at 6. The administrative law judge

2

considered Dr. Bennington's opinions, but identified them as being prepared by "[a] physician, whose signature was illegible." R. 28-29. The magistrate judge found it impossible that the administrative law judge considered the required five-factors, particularly factor three – relationship with the claimant – because the administrative law judge failed to identify that Dr. Bennington was the author of the medical opinions. Doc. 19 at 8. Plaintiff's testimony indicates that she has an extensive relationship with Dr. Bennington, going back approximately twenty years and involving, in the last two years, being seen two to three times per month. R. 52-53. The magistrate judge concluded that this error merits remand because it was noncompliant with the regulations and Dr. Bennington's opinions were more restrictive than those accepted by the administrative law judge and not patently deficient. Doc. 19 at 9-10.

Defendant objects to the magistrate judge's report and recommendation on one ground – that the administrative law judge's failure to consider Dr. Bennington's relationship with the claimant was not reversable error because she "was **not** required to consider all five factors in 20 C.F.R. § 416.920c . . . ." Doc. 20 at 3 (emphasis in original). Defendant argues that the administrative law judge was required only to consider, and did properly consider, the supportability and consistency factors. Doc. 20 at 3.[1]

The Court agrees with the magistrate judge's reading of the regulation. 20 C.F.R. § 416.920c(c) requires the administrative law judge to "consider" the five factors when considering medical opinions. The administrative law judge here could not have considered the relationship with the claimant factor without identifying that Dr. Bennington authored the medical opinion,

---

[1] Defendant's objection focuses only on whether the administrative law judge was required to consider the relationship with the claimant factor. Defendant does not object to the magistrate judge's conclusion that the failure to consider this factor is not harmless. Therefore, this Court reviews only whether consideration of the relationship with the claimant factor is required.

which she did not. Therefore, the Court finds that remand is warranted for further consideration by the administrative law judge. In so ruling, the Court expresses no opinion concerning what weight, if any, should be given to Dr. Bennington's medical opinion, or on the ultimate issue of whether Plaintiff is entitled to disability benefits.

### III. Conclusion

For the reasons stated above, the Court overrules the Commissioner's objections, Doc. 20, adopts and affirms the magistrate judge's report and recommendation, Doc. 19, reverses the Commissioner's non-disability finding, and remands this case to the Commissioner. On remand, the administrative law judge shall further consider the five factors in 20 C.F.R. § 416.920c(c)(1)-(5) when considering Dr. Bennington's medical opinions. The clerk is directed to enter final judgment in this case.

**IT IS SO ORDERED**.

                                                          s/ James L. Graham
                                                          JAMES L. GRAHAM
                                                          United States District Judge

DATE: February 3, 2022